IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

JERRY SALMON                          *

    Plaintiff,                         *

        v.                              *        1:08-CV-554-TMH
                                                  (WO)
KIM TURNER                            *

    Defendants.                        *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Jerry Salmon ["Salmon"], an inmate incarcerated at the Houston County Jail, filed this 42 U.S.C. § 1983 action on July 15, 2008. He complains that Defendant, Kim Turner ["Turner"], improperly disbursed and/or stole funds from his inmate account. Salmon seeks injunctive relief. Upon review of the complaint, the undersigned concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[1] *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

**I. FACTS**

Salmon complains that over the past seven months his inmate funds have been stolen

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

or misplaced without his approval or awareness. Specifically, Salmon alleges that his personal funds have been taken for "things or meds" that he has not requested. He further contends that the only thing he has signed for is a commissary order but that he has not always received his commissary purchases. Salmon complains that despite filing numerous grievances with Turner (who maintained the inmate accounts at the jail during the time in question) concerning the whereabouts of his funds, she has not provided him with an explanation. Salmon requests an inmate account summary and an explanation of the funds disbursed from his account. (*Doc. No. 1*.)

## II. DISCUSSION

Salmon complains that Turner improperly disbursed and/or stole funds from his inmate account, which the court understands Salmon to complain is a violation of his right to due process. Insofar as Salmon's complaint about the allegedly improper confiscation of his property is concerned, the court finds that under no set of facts is he entitled to relief.

> "If the [funds from Plaintiff's inmate account] were not returned because of [Turner's] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [Turner] intentionally refused to return the [funds], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Turner] acted without authorization. If [Turner] was acting pursuant to authorization, [her] actions would be within the outer perimeter of [her] duties and would not have violated any clearly established constitutional right and therefore [she] would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,*

> 775 F.2d 1551, 1553 (11th Cir.1985). Only if the complaint is construed as alleging that [Turner] was] acting in bad faith outside the scope of [her] duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). *See also Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortuous conduct, as long as the state system as a whole provides due process of law); *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) ("the *Parratt* [*v. Taylor*, 451 U.S. 527 (1981)]/*Hudson* [*v. Palmer*, 468 U.S. 517 (1984)] doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers." The complainant bears the burden of establishing that the state's post-deprivation remedy is inadequate).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Salmon to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq.* (1982). In light of this adequate state remedy, Salmon's allegation that Turner violated his due process rights by improperly disbursing and/or stealing his personal property, whether this was the result of negligence or an intentional act, lacks an arguable basis in the law and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent that Salmon complains that Turner failed to respond to the grievances he filed concerning his inmate account, such claim entitles him to no relief. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff

of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). In the context of a county jail setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Sandin v. Conner*, 515 U.S. 472 (1995). Thus, Turner's failure to comply with the established procedures of the jail's grievance mechanism provides no basis for relief under § 1983. *See Brown v. Dodson*, 863 F.Supp. 284 (W.D. Va. 1994); *Azeez*, 568 F.Supp. at 10. Additionally, although 42 U.S.C. §1997e(a) requires that an inmate exhaust his available administrative remedies prior to filing suit under § 1983, "[t]he failure [of officials] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C.§ 1997e(b).

In light of the foregoing, the court concludes that Salmon's challenge to the response, or lack thereof, provided by Turner to his inmate grievances is frivolous as it asserts "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). This claim is, therefore, subject to dismissal prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before July 29, 2008. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 16th day of July, 2008.

        /s/ Susan Russ Walker
        SUSAN RUSS WALKER
        CHIEF UNITED STATES MAGISTRATE JUDGE